UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:  LAWRENCE M. ONYSKIW, JR.,      :      Case No. 18-12574REF

   Debtor                                           :      Chapter 13

# STATEMENT SUPPORTING ORDER DENYING OBJECTION TO CLAIM

Debtor, Lawrence M. Onyskiw, Jr., has objected to the claim of Northwestern Lehigh School District (the "School District") in this Chapter 13 case. The School District's total claim is $77,193.00, which includes 10% statutory interest per annum amortized on the principal balance ($41,096.52) in Debtor's plan. The School District argues that the application of the 10% interest rate is effective whether the failure to pay principal is pre- or post-petition. The School District's claim is for real estate taxes, attorneys' fees, costs, and interest.

Debtor argued that $13,197.13 that was paid in Debtor's prior bankruptcy has not been credited to reduce the School District's claim and the interest rate should accrue at the rate of 2.25% rather than the statutory rate of 10%.

Through their preparation for the hearing on this dispute, Debtor and the School District reduced their dispute to two issues:

(1) Is the School District able to sustain its claim for interest ($10,896.33) based upon the annual rate of 10% for post-petition interest on its principal claim?

Section 506(b) permits the holder of an oversecured claim to include post-petition interest as part of its claim. See In re Smith, 463 B.R. 756, 765 (Bankr. E.D. Pa. 2102). To pay the present value of a claim oversecured by its collateral, a Chapter 13 plan must pay the oversecured creditor interest after confirmation of the plan. See 11 U.S.C. §1325(a)(5)(B)(ii). Beyond Section 506(b), however, is the reality that Pennsylvania statutory law requires that interest be paid if the principal is not timely paid.

(2) What annual rate of interest may the School District claim and collect from Debtor post-petition?

Debtor relied entirely on Section 502(b)(2) and cases interpreting and enforcing it in his written brief to establish that the School District could not collect post-petition interest. Debtor also referred to numerous cases that create a new interest rate limiting the amount that a creditor may collect. Debtor ignored Section 511(a) of the Bankruptcy Code in his written brief, but he relied solely on his erroneous reading of Section 511(a) in oral argument. Section 511(a) governs the rate of interest on tax claims, which is now the fundamental issue in this matter. Section 511(a) states that the rate of interest for payment of a tax "shall be the rate determined under applicable nonbankruptcy law." The statutory rate of interest in Pennsylvania for unpaid real estate taxes is 10%. See 53 P.S. §7143. Tellingly, Debtor was not able to refer me to any bankruptcy or other decision that supported his view of Section 511(a).

The law is clear therefore that the School District may claim and receive post-petition interest and that it may be established at the statutory annual rate of 10%. I will enter, contemporaneously herewith, an order based upon this Statement, which Order denies Debtor's objection to the claim of the School

District and approves the School District's claim to collect interest as part of its claim at the 10% annual statutory rate.

DATE: March 12, 2019                    BY THE COURT

_____
RICHARD E. FEHLING
United States Bankruptcy Judge